Hatch, J.
The defendant is a married woman, and with her husband boarded with plaintiff. The husband contracted for the board., and for a time paid; he subsequently made default in payment. The claim is now made that the wife entered into an original undertaking to pay for the board of herself and her husband. This claim finds support, if at all, in the testimony of plaintiff, by which it appears that in August, 1884, the husband—being then in default, plaintiff spoke to defendant about it, and she stated that “she would pay that board bill; she said she would pay it if he did not, this talk was about the end of August, 1884; that time Hubbell was almost paid up; I told her if she would be good for the board, I would trust her, but I would not trust him; I think he owed about $20 at that time; Mrs. Hubbell said she did not blame me for not trusting Mr. Hubbell, that she would not trust him herself. Mrs. Hubbell drew an order on Mr. McCreddie for *281 once 820, and the other was more; she drew the order in the absence of Mr. Hubbell, and in my presence. Mrs. Hubbell told me to try and get the money if I could, and she would pay the rest if he did not. I had talks with her on this subject more than fifty times, in which she said she would go security for this board bill.”
There was some further conversation between these parties, before the instrument in suit was given, but it does not strengthen plaintiff’s position.
This evidence falls far short of sustaining plaintiff’s contention. It amounts to a promise upon her part to pay for the board if her husband did not. In other words she was a mere surety for her husband’s debt. Since the Statute of Frauds was enacted the law has not failed in condemnation of such a contract The authorities cited by the counsel for respondent, to support this judgment, have no application upon these facts, and his ingenious presentation, while it excites my admiration, fails to convince my judgment In all of the cases there was a new promise of benefit, and substantial consideration to the promisor, or of hurt and damage to the promisee, in either case, sufficient in law, to found the promise to pay upon a new obligation supported by a sufficient consideration. Here we have nothing of the kind, giving force and effect to the plaintiff’s statement: “I told her that if she would be good for the board, I would trust her, but I would not trust him,” it must fail for one very sufficient reason.
The evidence fails to show that after such statement made by plaintiff, the defendant made any promise whatever, and when she did promise, in the language of the plaintiff it was: “She would pay the rest if he did not. -x- * * ghe would go security for this board bill.”
A careful examination of all cases cited by counsel fails to find one carrying the rule to such length, under such circumstances. This is not a case where the court, upon conflicting evidence should affirm a judgment, even though upon an original examination it would reach a different conclusion, as there is here an utter failure of proof to support the judgment.
The subsequent execution of the instrument sued upon does not aid the plaintiff. The original promise being void, it being to answer for the debt and default of her husband, nothing of value moved from plaintiff to her at the time of signing the instrument, it is consequently void as to her for want of consideration in its execution.
An examination of all the authorities cited by respondent, aided by a disposition upon the part of the court, to *282 sustain if possible, this judgment, fails to disclose any legal reason upon which it may be done.
The judgment must, therefore, be reversed, with costs.